IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROXANNE SHORT**                                                                                          **PLAINTIFF**

**V.**                                        **NO. 3:25-cv-00080-BSM-ERE**

**GARY KERSTEIN**                                                                                          **DEFENDANT**

<u>**ORDER**</u>

Defendant Gary Kerstein has filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that he is entitled to judgment as a matter of law on Ms. Short's claims against him. *Docs. 14, 15, 16.* Pro se plaintiff Roxanne Short has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Ms. Short's response should include her legal arguments, as well as affidavits,[1] jail records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[2] Ms. Short must separately file a "separate, short and concise statement of the material facts as to which [she]

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746. Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

contends there is no genuine dispute to be tried." Ms. Short's statement of disputed facts must state whether she "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendant Kerstein's statement of undisputed facts. *Doc. 16*. If Ms. Short disagrees with any of the facts in Defendant Kerstein's statement of undisputed facts, she must: (1) identify each numbered paragraph that contains the facts she disputes; (2) for each paragraph, explain why she disputes those facts; and (3) include a citation to the evidence she is relying on to support her version of the disputed fact. If Ms. Short relies on documents that have been previously filed in the record, she must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Ms. Short's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Ms. Short has until and including **January 16, 2026**, to file: (1) a response to Defendant Kerstein's motion for summary judgment; and (2) a separate statement of disputed facts. As to any filing, Ms. Short should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Ms. Short is advised that the failure to timely and properly file a response and a statement of disputed facts may result in: (1) all the facts in Defendant Kerstein's statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

So Ordered 16 December 2025.

_____
UNITED STATES MAGISTRATE JUDGE